**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **CERRISA COUVILLION** | **CASE NO. 6:25-CV-00296** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GOP TRANSPORT L L C ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Upon review of the record in this matter, this court issues the following *sua sponte* report and recommendation pursuant to 28 U.S.C. § 636. For the reasons explained below, the undersigned recommends that all claims by Plaintiff Cerrisa Couvillion against Defendant Mariano Gonzalez be DISMISSED with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Factual Background

By Order of April 20, 2026, the undersigned granted in part and denied in part a Motion to Amend filed by Couvillion. [Doc. 20]. Specifically, this Court granted Couvillion's motion insofar as it sought to add the Estate of Mariano Gonzalez as a defendant and to assert a claim for exemplary damages under LA. CIV. CODE ANN. ART. 2315.4 but denied Couvillion's motion insofar as it sought to retain Mariano Gonzalez as a defendant. Couvillion was ordered to file a new proposed amended complaint within five days. [*Id.* at pp. 4–5]. As of the date of this Report and Recommendation, no amended pleading has been filed.

## Law and Analysis

Rule 17(b) of the Federal Rules of Civil Procedure provides that "[c]apacity to sue or be sued in determined…by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Here, the parties do not dispute that Gonzalez was domiciled in Texas at the time of his death. Accordingly, Texas law of capacity governs this issue. The parties also do not dispute that Gonzalez was deceased at the time Couvillion's suit was filed. Texas law provides that a deceased person lacks the capacity to sue or be sued and a suit filed against a party lacking the capacity to be sued is a nullity. *Ins. Co. of N. Am. v. Dealy*, 911 F.2d 1096, 1099 (5th Cir. 1990) (citing *Edens v. Grogan Cochran Lumber Co.*, 172 S.W.2d 730 (Tex. Civ. App. 1943)). Claims filed against persons lacking capacity are subject to dismissal pursuant to Rule 12(b)(6). *Harris v. Mamou Police Dep't*, 2019 WL 4204325 at * 1 (W.D. La. Sept. 3, 2019) (internal citations omitted).

Applying Texas' law of capacity in this case, the undersigned finds that Couvillion's claims against Defendant Mariano Gonzalez, who died prior to the filing of Couvillion's suit, should be dismissed with prejudice pursuant to Rule 12(b)(6) and will so recommend. *Guarantee Co. of N. America, USA v. Housing & Land Dev. Corp.*, 2024 WL 3581978 at * 3 (S.D. Tex. July 30, 2024) (dismissal with prejudice under Rule 12(b)(6) based on lack of capacity is procedurally proper).

## Conclusion

For the reasons discussed herein, the Court recommends that all claims by Plaintiff Cerrisa Couvillion against Defendant Mariano Gonzalez be DISMISSED with prejudice pursuant to Rule 12(b)(6), preserving Couvillion's remaining claims as stated in her original Complaint for further proceedings as may be appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 31st day of July, 2026.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**